IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| WASTECARE CORPORATION, : | |
| : | |
| Plaintiff and : | |
| Counterclaim Defendant, : | |
| : | CIVIL ACTION |
| v. : | NO. 2:11-CV-297-WCO |
| : | |
| SHREDDERHOTLINE.COM CO. : | |
| and DAN SCOTT BURDA, : | |
| : | |
| Defendants. : | |

## **ORDER**

The captioned case is before the court for consideration of (1) motion to quash (new) writs of execution [184]; (2) amended motion for writ of execution against Mr. Ward [186]; (3) amended motion for writ of execution against defendants [187]; and (4) motion for a supersedeas bond pending appeal [193].

**I.   Facts**

On February 7, 2014, this court entered judgment for plaintiff in the amount of $200,000.00 against defendants (the "Liability Award") and in the amount of $181,452.68 against defendants and their counsel (the "Sanctions Award"). Plaintiff filed its motions for writs of execution against defendants and their counsel, Mr. Ward, respectively.[1] Defendants and Mr. Ward filed separate motions, each seeking

---

[1] Plaintiff amended its motions because they were untimely and contained errors.

a stay of execution in the absence of a supersedeas bond. In their motion, defendants complain that this case has been "protracted," claim that plaintiff has "mistakenly alleged" that Mr. Burda would remove his assets to Canada, and make a settlement offer consisting of a $200,000.00 "note" that is "believed to be enforceable in Canada." (Br. in Supp. of Mot. for Stay 2.) Plaintiff then moved the court to require defendants and Mr. Ward to submit a supersedeas bond pending appeal.

**II.   Legal Analysis**

Because all pending motions are related and involve the same legal issues, the court will consider them together. The question here is whether the court should stay the writs of execution in the absence of a supersedeas bond. Federal Rule of Appellate Procedure 8 permits a party to apply to the district court for "a stay of the judgment or order of a district court pending appeal." FED. R. APP. P. 8(a)(1)(A). In evaluating whether to grant a stay, the court applies Federal Rule of Civil Procedure 62. Rule 62(d) provides: "If an appeal is taken, the appellant may obtain a stay by supersedeas bond. . . . The bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal. The stay takes effect when the court approves the bond." FED. R. CIV. P. 62(d). In addition, Rule 62(g) provides: "This rule does not limit the power of the appellate court or one of its judges or justices: (1) to stay proceedings . . . while an appeal is pending; or (2) to issue an order to preserve

the status quo or the effectiveness of the judgment to be entered." FED. R. CIV. P. 62(g).

"If a court chooses to depart from the usual requirement of a full security supersedeas bond to suspend the operation of an unconditional money judgment, it should place the burden on the moving party to objectively demonstrate the reasons for such a departure." *Poplar Grove Planting and Refining Co., Inc. v. Bache Halsey Stuart, Inc.,* 600 F.2d 1189, 1191 (5th Cir. 1979).[2] In addition, the moving party must "present . . . to the court a financially secure plan for maintaining that same degree of solvency during the period of an appeal." *Id.* In *Western Sur. Co. v. Mooney Constr., Inc.*, No. 1:12-cv-1309-WSD, 2013 WL 6048721, at *2 (N.D. Ga. Nov. 14, 2013), the court concluded that a stay of judgment was inappropriate because the defendants had not provided any affidavit or financial documents "to support their claim of inability to pay the judgment, or even a portion of it." *Id.* That court noted that because the defendants "did not submit any evidence at all regarding their current financial state," the plaintiff's "interest in protecting its judgment [was] particularly great." *Id.*

As plaintiff points out, neither defendants nor Mr. Ward has provided sufficient evidence that they cannot pay the judgment against them. While Mr. Ward has not

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc), the Court of Appeals for the Eleventh Circuit adopted as precedent all decisions of the former Fifth Circuit decided prior to October 1, 1981.

submitted any affidavit of indigence, Mr. Burda has submitted a conclusory affidavit that does not include any financial documents. Nor have defendants and Mr. Ward explained how they plan to remain solvent or how plaintiff's interests will be protected if no supersedeas bond is required.[3] Mr. Burda has previously testified: [M]y assets are in Canada, that was in my deposition to you. I told you you aren't going to get any money, no assets here, all assets in Canada." (Tr. of Trial, 148.)

Defendants and Mr. Ward argue that the court should quash the writs of execution in this case pursuant to Rule 62(f), which provides: "If a judgment is a lien on the judgment debtor's property under the law of the state where the court is located, the judgment debtor is entitled to the same stay of execution the state court would give." FED. R. CIV. P. 62(f). "In Georgia, a judgment is a lien upon the property of a judgment debtor." *DeKalb County School Dist. v. J. W. M.*, 445 F. Supp. 2d 1371, 1377 (N.D. Ga. 2006). More specifically, O.C.G.A. §9-12-80 provides: "All judgments obtained in the superior courts, magistrate courts, or other courts of this state shall be of equal dignity and shall bind all the property of the defendant in judgment, both real and personal, from the date of such judgments except as otherwise provided in this Code."

---

[3] To the extent that defendants' settlement offer of a $200,000 note provides security in any way to plaintiff, it is significantly less than the value of the judgments, and there is no indication that it will be collectible. This offer is not for any actual money but rather "a reasonable time-payment note that [Mr. Burda] believe[s] would be enforceable in Canada." (Decl. of Burda ¶ 10.)

4

In support of their argument, defendants and Mr. Ward cite to *DeKalb County School Dist. v. J. W. M.*, 445 F. Supp. 2d 1371 (N.D. Ga. 2006), in which a plaintiff/appellant filed the case as an appeal from the final decision of a State of Georgia Administrative Law Judge in a special education due process hearing. In *DeKalb County*, the court determined that execution could be stayed and no supersedeas bond was necessary in light of the fact that (1) the appellant was a government entity that was permanently existing and financially secure, (2) the amount of the judgment was "modest" (the enumerated amount was less than $15,000), and (3) under Georgia statute, O.C.G.A. §9-11-62(d),[4] the appellant was entitled to a stay without having to post a bond. *Id.* at 1376-77. Because none of these situations are present here, the holding in *DeKalb County* is inapplicable.

O.C.G.A. §5-6-46(a) provides:

> In civil cases, the notice of appeal . . . shall serve as supersedeas upon payment of all costs in the trial court by the appellant and it shall not be necessary that a supersedeas bond or other form of security be filed; provided, however, that upon motion by the appellee, made in the trial court before or after the appeal is docketed in the appellate court, the trial court shall require that supersedeas bond or other form of security be given with such surety and in such amount as the court may require, conditioned for the satisfaction of the judgment in full, together with

---

[4] O.C.G.A. §9-11-62(d) provides that: "When an appeal is taken by the state or by any county, city, or town within the state, or an officer or agency thereof, and the operation or enforcement of the judgment is stayed, no bond, obligation, or other security shall be required from the appellant."

costs, interest, and damages for delay if the appeal is found to be frivolous.

As they point out, defendants have taken the necessary steps as required by O.C.G.A. §5-6-46 to make the filing of a supersedeas bond unnecessary by filing the notice of appeal and paying the costs.  Plaintiff, however, filed its motion for a full supersedeas bond pending appeal.  "[A] supersedeas bond is unnecessary, but only in the absence of a motion by the appellee.  Once the appellee moves for a supersedeas bond, it is entitled to that bond."  *Bennett v. Hendrix*, No. 1:00-cv-2520-TWT, 2007 WL 2668134, at *1 (N.D. Ga. Sept. 5, 2007).

In opposition, Mr. Burda has submitted a declaration averring that defendants cannot afford to post the requested bond.  Defendants argue that O.C.G.A. §5-3-22(b) requires only that an "affidavit of indigence" be filed with the court to eliminate any requirement of bond.  That section provides:

> Filing of the notice of appeal and payment of costs or filing of an affidavit [of indigence] shall act as supersedeas, and it shall not be necessary that a supersedeas bond be filed; provided, however, that the superior or state court upon motion may at any time require that supersedeas bond with good security be given in such amount as the court may deem necessary unless the appellant files with the court an affidavit stating that because of indigence he or she is unable to give bond.

O.C.G.A. §5-3-22(b).

In response, plaintiff filed an affidavit of Amanda Hyland contesting the truth of defendants' declaration pursuant to O.C.G.A. §5-6-47(b). That section provides: "Any party at interest or his agent or attorney may contest the truth of the affidavit of indigence by verifying affirmatively under oath that the same is untrue. The issue hereby formed shall be heard and determined by the trial court under the rules of the court. The judgment of the court on all issues of fact concerning the ability of a party to pay costs or give bond shall be final." O.C.G.A. §5-6-47(b). According to Ms. Hyland's affidavit, Mr. Burda's claims of indigence are directly contradicted by his sworn testimony. Mr. Burda's sworn testimony indicates, among other things, that he has assets and a thriving company. (Decl. of Hyland ¶ 11.) Once the truth of the affidavit is contested, an evidentiary hearing is appropriate.[5] *Hubbard v. Farmers Bank*, 153 Ga. App. 497, 500 (1980).

Accordingly, the court finds that an evidentiary hearing is appropriate at this time to determine defendants' indigence. In connection with an evidentiary hearing, plaintiff requests that the court allow sufficient time prior to the hearing for post-judgment discovery, including a deposition of Mr. Burda regarding assets and

---

[5] Furthermore, O.C.G.A. §9-15-2(b) provides that even "[i]n the absence of a traverse affidavit contesting the truth of an affidavit of indigence, the court may inquire into the truth of the affidavit of indigence."

finances. For good cause shown, the court hereby grants plaintiff's request for a period of post-judgment discovery.

With respect to Mr. Ward, the court notes that he has not filed an affidavit of indigence. Mr. Ward asserts that he is a member of the Georgia Bar, having appeared and currently appearing in numerous intellectual property cases before this court. Mr. Ward asserts that there is no showing that he is "financially irresponsible." Pursuant to O.C.G.A. §5-6-46(a), "a supersedeas bond is unnecessary [upon filing the notice of appeal and paying the costs], but only in the absence of a motion by the appellee. Once the appellee moves for a supersedeas bond, it is entitled to that bond, and the Court's discretion on the question of whether a bond is necessary vanishes." *Bennett*, No. 1:00-cv-2520-TWT, 2007 WL 2668134, at *1. "Nothing in this Code section shall deprive the superior courts of their separate power to grant supersedeas under paragraph (1) of Code Section 15-6-9 nor deprive the appellate courts of the power to grant supersedeas in such manner as they may determine to meet the ends of justice." O.C.G.A. §5-6-46(e). Here, Mr. Ward has failed to demonstrate that posting a full bond is impossible or impractical. In addition, Mr. Ward has not demonstrated why plaintiff is not entitled to the bond. *See Bennett*, No. 1:00-cv-2520-TWT, 2007 WL 2668134, at *1. Accordingly, the court hereby denies Mr. Ward's motion to

quash the writ of execution in the absence of a supersedeas bond and grants plaintiff's motion for a supersedeas bond pending appeal.[6]

### III. Conclusion

In sum, the court hereby (1) **DENIES in part and DEFERS ruling in part** on the motion to quash (new) writs of execution [184]; (2) **GRANTS** the amended motion for writ of execution against Mr. Ward [186]; (3) **DEFERS ruling** on the amended motion for writ of execution against defendants [187]; and (4) **GRANTS in part and DEFERS ruling in part** on the motion for a supersedeas bond pending appeal [193].

As set forth above, the court hereby denies Mr. Ward's motion to stay the writ of execution in the absence of a supersedeas bond, grants plaintiff's motion for writ of execution against Mr. Ward,[7] and grants plaintiff's motion for a supersedeas bond as against Mr. Ward.

With respect to all issues involving the writ of execution against defendants, the court hereby defers ruling on them pending an evidentiary hearing to determine

---

[6] Plaintiff has offered to consent to defendants' posting bond in the amount of the $200,000 judgment (which would reduce defendants' bond amount by almost half) in the event that Mr. Ward posts a supersedeas bond for the full amount of the Sanctions Award. This offer will be addressed after the court determines defendants' indigence.

[7] Pursuant to Federal Rule of Civil Procedure 62(d), "[t]he stay [of an execution of judgment] takes effect when the court approves the [supersedeas] bond." FED. R. CIV. P. 62(d).

defendants' indigence.  The parties are hereby directed to appear for such a hearing on July 17, 2014, at 10:00 a.m. in Courtroom 300 of the United States District Court, Northern District of Georgia, Gainesville Division.  In addition, the court hereby grants plaintiff's request for a period of post-judgment discovery, which may commence immediately.

**IT IS SO ORDERED**, this 22nd day of May, 2014.

                                                s/*William C. O'Kelley*
                                                WILLIAM C. O'KELLEY
                                                Senior United States District Judge