THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **WASTECARE CORPORATION,**<br>　　　　Plaintiff,<br><br>　v.<br><br>**SHREDDERHOTLINE.COM CO., and DAN SCOTT BURDA,**<br>　　　　Defendants. | **CIVIL ACTION NO.**<br>**2:11-CV-297-WCO**<br><br>**JURY TRIAL**<br>**DEMANDED** |

## DEFENSE COUNSEL'S MOTION TO COMPEL COMPLETION OF THE RECORD

At the hearing of August 13, 2014, WasteCare had requested sanctions against Defense Counsel. The Court took the matter of sanctions against Defense Counsel under advisement, and thus the matter remains pending.

At that time, WasteCare showed to the Court two (2) large chart Exhibits. However:

- WasteCare had not previously shown these Exhibits to Defense Counsel;
- WasteCare has not subsequently provided copies to Defense Counsel; and
- WasteCare has not filed such Exhibits with the Court[1].

---

[1] As a matter of Public Policy and respectful of the efficiency of the appellate courts, a complete Record before the trial court is required. See, for example, 28 U.S.C. § 753(b) ("Each session of the court… shall be recorded verbatim...."); *Sanders v. Union Pacific Railroad Company*, 193 F. 3d 1080, 1083 (9th Cir.1999), among many others.

1

Specifically, WasteCare's argument to the Court was that Defense Counsel should be sanctioned, because Mr. Burda had testified at his deposition that he had supposedly been told by Defense Counsel that he need not comply with the Court's oral Order of June 10, 2014, requiring:

(i) production at the deposition of designated materials, and

(ii) Rule 30(b)(6) testimony on designated topics[2].

WasteCare made this argument for sanctions against Defense Counsel despite the Record that Defense Counsel had instructed Mr. Burda, **in writing,** as follows:

---

**From:** Robert M. Ward
**Sent:** June 10, 2014 12:37 PM
**To:** 'sales@shredderhotline.com'

Dan,

We had a hearing today by telephone. The Judge ruled that the depositions would go ahead in Atlanta, substantially as scheduled. However, he did give some leeway from June 24th – *i.e.,* a day or two, either before or after.

He did cut down considerably on the list of documents to be produced, and specifically ordered: (1) bank records for the past 2 years for the corporation and the individual Dan Burda, (2) the 2012 and 2013 income tax returns for both the corporation and the individual, Dan Burda.

---

[2] And which the Court had summarized at Doc. 205, filed on June 10, 2014, Exhibit A hereof.

>He also ruled that they could question you on all of the categories listed, but you would only have to produce such further documents (including the above items) as could be contained within 2 large brief cases.
>
>He further ruled that, if this initial examination were not sufficient, the Plaintiff could notice a second deposition for Illinois.
>
>The Court also ruled that the Defendants must produce everything that we intend to use at the Hearing to show indigence, or he will not allow it to be used by us.
>
>I also alerted him to the fact that we may have a problem with the Hearing date of July17, and he seemed favorably disposed.
>
>Bob

See, Exhibit B hereof; Doc. 210, filed on July 11, 2014 (redacted herein to remove Bank identifications and Account Nos.).

Defense Counsel's Instructions to the client are believed to be entirely accurate,[3] because:

(1) these Instructions of Defense Counsel were based upon notes duly taken during the telephone conference with the Court; and

(2) the email transmission to the client was sent at 12:37 PM -- which is only **12 minutes** after the 12:25 PM conclusion of the telephonic hearing with the Court.

---

[3] Curiously, WasteCare has not argued otherwise, but unaccountably persists in proliferating attacks upon opposing counsel.

## **Conclusion**

Defense Counsel does not seek the often wasteful satellite litigation of Rule 11, 28 U.S.C. §1927, or other sanctions against opposing counsel. However, because:

> (i) WasteCare has sought sanctions against Defense Counsel;
> (ii) those matters are pending;
> (iii) previous sanctions have been allowed (which are now on appeal); and
> (iv) the present trial court Record is incomplete;

Defense counsel must respectfully request that the Record be completed by ordering WasteCare to produce and to file these two (2) Exhibits.

Dated: August 16, 2014          Respectfully submitted,


　　　　　　　　　　　　　　　　 */s/ Robert M. Ward*

　　　　　　　　　　　　　　　　 Robert M. Ward
　　　　　　　　　　　　　　　　 (Georgia Bar No. 775401)
　　　　　　　　　　　　　　　　 3455 Peachtree Road NE, 5th Floor
　　　　　　　　　　　　　　　　 Atlanta, GA 30326
　　　　　　　　　　　　　　　　 Phone 404-606-6480
　　　　　　　　　　　　　　　　 E-mail: bmwlaw@aol.com

　　　　　　　　　　　　　　　　 *Attorney for appellant/petitioner*

## LOCAL RULE 7.1(D) CERTIFICATION

Undersigned counsel hereby certifies that the foregoing document has been prepared in Times New Roman 14 pt., which is one of the font and point selections approved by the Court under Local Rule 5.1(B).

*/s/ Robert M. Ward*

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the foregoing was electronically served upon all counsel of record and who have been of record herein.

*/s/ Robert M. Ward*