**THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| **WASTECARE CORPORATION,**<br>          **Plaintiff,**<br><br>          **v.**<br><br>**SHREDDERHOTLINE.COM CO., and**<br>**DAN SCOTT BURDA,**<br>          **Defendants.** | **CIVIL ACTION NO.**<br>**2:11-CV-297-WCO**<br><br>**JURY TRIAL**<br>**DEMANDED** |

<u>**DEFENDANTS' AND DEFENSE COUNSEL'S MEMORANDA IN OPPO-**</u>
<u>**SITION TO WASTECARE'S MOTION(S) FOR SANCTIONS.**</u>

Unfortunately, when Defense counsel was called away from the deposition of Mr. Burda to meet with two (2) other lawyers,[1] WasteCare sought to breach the attorney-client privilege[2] of Mr. Burda and Shredderhotline.com.

---

[1] The necessity for this meeting was occasioned by (i) a meet-and-confer Order of another Judge of this Court, and (ii) the inflexible schedule of these attorneys. Defense counsel did call WasteCare's counsel thereafter, but the deposition was winding-up at that time.

[2] **RULE 3.4 FAIRNESS TO OPPOSING PARTY AND COUNSEL**

A lawyer shall not…use methods of obtaining evidence that violate the legal rights of the opposing party or counsel;

The maximum penalty for a violation of this Rule is disbarment.

<u>**Georgia Rules of Professional Conduct**</u>

1

The Record speaks loudly that WasteCare has – throughout this post-judgment process – evidenced a continuing unwillingness to conform its conduct to the requirements of the Federal Rules and the governing Georgia statutes[3]. Specifically, and thus far, WasteCare has:

- violated the 14 day cooling-off period mandated by Rule 62(a) FRCP;
- twice issued defective Writs of Execution, that thus had to be withdrawn;
- mis-argued to the Court that Rule 62(f) and Georgia law do not apply here;
- misconstrued to the Court the requirements of O.C.G.A. § 9-11-62(d);
- sought to take discovery while the Judgment was (as a matter of law) under supersedeas; and
- unnecessarily and discourteously required another member of the Georgia Bar to post a supersedeas bond.

Respectfully to correct WasteCare,

- the requirements of the Law are not mere technicalities or "road-blocks";
- declining to meeting and confer on Good Friday is not an harassment; and
- respectfully pointing out the prerequisites of the law before post-judgment discovery can be properly taken is not "protracted, expensive or tedious", or in any sense unprofessional or uncooperative. (See WasteCare's Brief, p.4; WasteCare's Exhibit A);

    Secondly, and promptly after the deposition, the following letter and a huge number of documents were send electronically to WasteCare's lawyers:

___

July 1, 2014

J. Stephen Mixon, Esq.
Millar and Mixon, LLC

___

[3] Unfortunately, WasteCare mis-refers to a lawyer's duty of protecting the rights of a client under the Law, as somehow constituting "road-blocks" to its financial success. Attacked defense counsel must respectfully disagree.

1691 Phoenix Blvd., Suite 150
Atlanta, GA 30349

Re: Post-judgment depositions and production

Steve,

Pursuant to your Request, and as ordered by Judge O'Kelley, attached
are copies of the following yet additional documents, comprising:

(i) banking records;
(ii) loan records;
(iii) income tax returns;
(iv) income statements; and
(v) balance sheets;
for the Defendants and for Mrs. Burda.

These files are marked "CONFIDENTIAL – ATTORNEY'S EYES
ONLY", and bear Production Nos. 100024-100400:

- Balance Sheet  2012 Shredderhotline.com company.pdf
- Balance Sheet  2013 Shredderhotline.com company.pdf
- BANK - ██ - ACCOUNT ████ - YEAR 2012 ALL DATA.pdf
- BANK - ██ - ACCOUNT ████ - YEAR 2013 ALL DATA.pdf
- BANK - ██ - ACCOUNT ████ - YEAR 2011 ALL DATA.pdf
- BANK - ██ - ACCOUNT ████ - YEAR 2012 ALL DATA.pdf
- BANK - ██ - ACCOUNT ████ - YEAR 2013 ALL DATA.pdf
- BANK - ████ - ACCOUNT ██ - YEAR 2010 ALL DA-TA.pdf
- BANK - ████ - ACCOUNT ██ - YEAR 2011 ALL DA-TA.pdf
- BANK - ████ - ACCOUNT ██ - YEAR 2012 ALL DA-TA.pdf
- BANK - ████ - ACCOUNT ██ - YEAR 2013 ALL DA-TA.pdf
- BANK - ████ - ACCOUNT ██ - YEAR 2010 ALL DA-TA.pdf
- BANK - ████ - ACCOUNT ██ - YEAR 2011 ALL DA-TA.pdf

- BANK - ███████ - ACCOUNT ████ - YEAR 2012 ALL DA-TA.pdf
- BANK - ████████ - ACCOUNT ████ - YEAR 2013 ALL DA-TA.pdf
- BURDA, DAN CANADA TAXES 2012.pdf
- BURDA, DAN CANADA TAXES 2013.pdf
- DECHIQUETEUSE LIGNE DIRECT  INC SHREDER CANADA TAXES 2012.pdf
- DECHIQUETEUSE LIGNE DIRECT  INC SHREDER CANADA TAXES 2013.pdf
- Income 2012 Shredderhotline.com .company.pdf
- Income 2013 Shredderhotline.com .company.pdf
- SARKIS, ROSE MARIE CANADA TAXES 2012.pdf
- SARKIS, ROSE MARIE TAXES CANADA 2013.pdf
- SHREDDERHOTLINE.COM.MX CORPORATE DOCS FOR 2011-2012.pdf.pdf

**_Unfortunately, some of these records did not arrive (via air from Canada) until later. Also, and as you know, we had sought to transmit some of these files to you during the deposition, but none of us could get the software to work._**

I do apologize that I had to leave yesterday's deposition(s) at 2:30 for a meeting, as a courtesy to two other lawyers, whose schedules were not flexible, and which meeting had been re-scheduled several times.

The documents should be relatively self-explanatory. Please let me know if you have any further questions.

Best wishes,

*Bob*

cc: Amanda Hyland, Esq.                Bob
(Emphasis added).

(See Exhibit A hereof).

Unfortunately, these documents arrived late (via air) from Canada.  It is not correct, as WasteCare argues, that these documents have intentionally been withheld.

Nor is it true that the time spent at the deposition was "wasted", as a fundamental purpose of such deposition to discover assets is to determine what documents memorializing assets exist, and what assets nor covered by documents may exist -- and those opportunities were at all times full available to WasteCare. Moreover, the Court has already given WasteCare the right to proceed with a follow-up deposition in Illinois.

Finally, it is not correct that defense counsel had somehow been remiss in his responsibilities to the Court to convey to the client the full substance of the Court's Oral Order:

(i) on what must be produced, and

(ii) on what could be eliminated from the huge listing of documents that WasteCare had initially sought –

and which the Court had judiciously reduced in size and number[4]. Apparently, the client as a layman did not understand.

---

[4] Undoubtedly, the Court's supervision of WasteCare's over-reaching had been required because WasteCare had unreasonably sought some 70 categories of documents spanning a 12-year period.

Specifically, Defense counsel sent the following email to the client, Mr. Burda,[5] on June 10, 2014 (See Exhibit A hereof):

---

Dan,

We had a hearing today by telephone.  The Judge ruled that the depositions would go ahead <u>in Atlanta</u>, substantially as scheduled.  However, he did give some leeway from June 24th – *i.e.,* a day or two, either before or after.

He did cut down considerably on the list of documents to be produced, and specifically ordered: (1) bank records for the past 2 years for the corporation and the individual Dan Burda, (2) the 2012 and 2013 income tax returns for both the corporation and the individual, Dan Burda.

He also ruled that they could question you on all of the categories listed, but you would only have to produce such further documents (including the above items) as could be contained within 2 large brief cases.

He further ruled that, if this initial examination were not sufficient, the Plaintiff could notice a second deposition for Illinois.

The Court also ruled that the Defendants must produce everything that we intend to use at the Hearing to show indigence, or he will not allow it to be used by us.

I also alerted him to the fact that we may have a problem with the Hearing date of July17, and he seemed favorably disposed.

Bob

---

[5] Defense counsel deeply regrets that WasteCare has intentionally chosen to breach the attorney-client privilege of the opposing party. Accordingly, and based upon Waste-Care's misconduct, defense counsel has a full right to protect himself -- and particularly by citing to his non-privileged, and self-explanatory communication duly reporting upon the contents of the Court's Oral Order.

Defense counsel has been diligent and fair throughout, and has sought to encourage WasteCare to conform its conduct to the requirements of the Law.

## Conclusion

There is no objection to a continuance of the hearing. There is no objection to continuing the deposition in light of the (albeit slightly) delayed production of bank records. However, there is an objection to WasteCare's intentional breach of the attorney-client privilege.

And certainly there is an objection to sanctions of any kind, and particularly sanctions against defense counsel.

Finally, defense counsel respectfully requests an order compelling Waste-Care and its counsel to refrain from further attempts at breach of the attorney-client privilege.

Wherefore, based upon the fullness of the complete facts, WasteCare's motion for sanctions should be denied, the deposition should continue in the normal course, and the same are respectfully solicited.

Dated: July 11, 2014                    Respectfully submitted,

                                        _/s/ **Robert M. Ward**_

                                        Robert M. Ward

7

(Georgia Bar No. 775401)
3455 Peachtree Road NE, 5th Floor
Atlanta, GA 30326
Phone 404-606-6480
E-mail: bmwlaw@aol.com

*Attorney for appellants/petitioners*

## LOCAL RULE 7.1(D) CERTIFICATION

Undersigned counsel hereby certifies that the foregoing document has been prepared in Times New Roman 14 pt., which is one of the font and point selections approved by the Court under Local Rule 5.1(B).

***/s/ Robert M. Ward***

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the foregoing was electronically served upon all counsel of record and who have been of record herein.

***/s/ Robert M. Ward***