# Exhibit A

**LR 83.1    ATTORNEYS: ADMISSION TO PRACTICE BEFORE THE COURT**

   **E.    Withdrawal.**

   **(1)   Withdrawal Policy**.  Counsel will not ordinarily be allowed to withdraw after pretrial or at a time when withdrawal will cause a delay in the trial of the case.

   **(2)   Motions to Withdraw**.  This policy notwithstanding, an attorney wishing to withdraw the attorney's appearance in any action or proceeding or wishing to have the attorney's name stricken as attorney of record for a party in any case shall comply with the following procedure:

   **(a)**   Submit to the clerk in duplicate for filing a motion requesting permission to withdraw.

   **(b)**   The motion shall state that the attorney has given the client fourteen (14) days prior notice of the attorney's intention to request permission to withdraw and shall specify the manner of such notice. The notice shall be served upon the client, personally or at that client's last known address, and the notice shall contain at least the following information:

   **(A)** That the attorney wishes to withdraw;
   **(B)** The style of the action in which counsel seeks to withdraw, the name, address and telephone number of the Clerk and opposing counsel;
   **(C)** That the Court retains jurisdiction of the action;
   **(D)** That the client has the burden of keeping the court informed respecting where notices, pleadings or other papers may be served;
   **(E)** That the client has the obligation to prepare for trial or hire other counsel to prepare for trial when the trial date has been set;
   **(F)** That if the client fails or refuses to meet these burdens, the client may suffer adverse consequences, including, in criminal cases, bond forfeiture and arrest;
   **(G)** The dates of any scheduled proceedings, including trial, and that holding of such proceedings will not be affected by the withdrawal of counsel;
   **(H)** That service of notices may be made upon the client at the client's last known address, and,
   **(I)** If the client is a corporation, that a corporation may only be represented in court by an attorney, that at attorney must sign all pleadings submitted to the court, and that a corporate officer may not represent the corporation in court unless that officer is also an attorney licensed to practice law

in the state of Georgia, and that failure to comply with this rule could result in a default being entered against the corporate party; and

**(J)** Unless the withdrawal is with the client's consent, the client's right to object within fourteen (14) days of the date of the notice. A copy of the notice shall be affixed to the motion.

**(c)** The attorney shall serve a copy of the attorney's motion to withdraw upon opposing counsel and upon the client after filing the motion with the clerk.

**(d)** Fourteen (14) days after filing, the clerk shall submit the motion to the district judge for action thereon.

Counsel wishing to withdraw from any civil action (except a class action) may be relieved from the requirement to file a motion to withdraw by filing a Certificate of Consent with the court that has been signed by the client, the withdrawing attorney, and the substituting attorney, if one has been selected by the client. If an attorney representing the United States or any agency thereof wishes to withdraw, it is not necessary that the client's signature appear on the Certificate of Consent, provided the client's consent is acknowledged by both the withdrawing and substituting attorney.

**(4)** **Responsibilities of Party Upon Removal of Attorney**. Whenever an attorney withdraws or dies or is removed or suspended or for any other reason ceases to act as attorney of record, the party whom the attorney was representing must within twenty-one (21) days or before any further proceedings are had in the action before the court notify the clerk of the appointment of another attorney or of the party's decision to appear *pro se*. The party must also provide the clerk with the current telephone number and address of the newly-appointed attorney or of the party, if proceeding *pro se*. Failure to comply with this rule shall constitute a default by the party.